Filed 11/6/14  P. v. Calvert CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TYRONE N. CALVERT,<br><br>Defendant and Appellant. | B254066<br><br>(Los Angeles County<br>Super. Ct. No. NA092276) |

THE COURT:[*]

An information alleged that defendant and appellant, Tyrone N. Calvert, possessed cocaine base for sale in violation of Health and Safety Code section 11351.5.  It further alleged that he had suffered a prior "strike" (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and seven prior prison terms (Pen. Code, § 667.5, subd. (b)).

The information stemmed from appellant's arrest on May 2, 2012.  That afternoon, Long Beach Police Officers Jason Ur and Chris Thue were surveilling an area by a motel after receiving complaints of narcotics activity.  At a nearby intersection, Officer Ur observed appellant engage in a hand-to-hand transaction with another individual, which

---

[*]     ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

he knew was a common manner of selling drugs. He then saw appellant walk toward the motel, again exchanging items with several other individuals along the way, and Officer Thue saw him enter room 211. Officer Thue learned from the motel manager that room 211 was registered to appellant and further learned from both police dispatch and the police vehicle computer that appellant was on active parole.

When appellant left his room, officers detained him. In response to Officer Thue's inquiry about his parole status, appellant responded that he was on parole, scheduled to be discharged the following month. Appellant denied making that statement, asserting that he told the officers he was no longer on parole. According to Officer Thue, appellant consented to a parole search of room 211, and responded affirmatively to his question whether there was dope in the room. Appellant denied having that conversation. Officers recovered a pile of chopped up rock cocaine and over 40 wrapped and unwrapped rocks. Officers later learned that appellant's parole had in fact ended eight days before the search.

Appellant initially pled not guilty. The trial court granted appellant's *Pitchess* motions (see *Pitchess v. Superior Court* (1975) 11 Cal.3d 531 (*Pitchess*)) limited to matters of dishonesty or false reporting by the officers involved in the case, and found no discoverable information after an in camera hearing. It denied appellant's Penal Code section 1538.5 motion to suppress. Appellant thereafter changed his plea to no contest, and the trial court sentenced him to a total term of six years, comprised of the upper term of five years for the Health and Safety Code section 11351.5 violation and one year for the prison prior. Over the prosecution's objection, it struck the prior strike.

Appellant appealed and we appointed counsel to represent him. After examination of the record, counsel filed an opening brief which contained an acknowledgement that she had been unable to find any arguable issues, but which also requested that we undertake an independent review of the in camera *Pitchess* hearing. On September 9, 2014, we advised appellant that he had 30 days within which to personally

submit by brief or letter any contentions or arguments that he wished us to consider. Appellant timely filed a supplemental brief.

We have examined the entire record, including the sealed transcript of the *Pitchess* hearing, and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) Moreover, though appellant's supplemental brief addresses specific justifications for searches without a warrant, including those incident to arrest and due to exigent circumstances, the trial court here analyzed whether there was any basis to suppress evidence obtained as a result of mistaken information that appellant remained on parole. Because negligent police miscommunications do not require the exclusion of evidence (*Herring v. United States* (2009) 555 U.S. 135, 144-145), the record supports the trial court's denial of the motion to suppress.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.